UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

INDUSTRIAL QUICK SEARCH, INC.
and MICHAEL MEIRESONNE,

       Plaintiffs,                            Case No. 1:13-cv-770

v.                                                HON. JANET T. NEFF

GOOGLE, INC. and
AVG TECHNOLOGIES USA, INC.,

       Defendants.
_____/

**MEMORANDUM OPINION**

Pending before the Court is Defendants' Joint Motion to Transfer Venue (Dkt 34) in this patent case. Plaintiff has filed a Response (Dkt 39). Having fully considered the parties' briefs and the record, the Court concludes that oral argument is unnecessary to resolve the pending motion. *See* W.D. Mich. LCivR 7.2(d). For the reasons that follow, the Court denies the motion.

**I. Analysis**

Defendants move under 28 U.S.C. § 1404(a) to transfer this case to the United States District Court for the Northern District of California. Pursuant to § 1404(a), the Court may transfer a civil action to another district:

> For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought ….

"District courts have wide discretion to transfer an action under 28 U.S.C. § 1404(a) in order to prevent waste of time, energy and money, and to protect litigants, witnesses and the public against unnecessary inconvenience and expense." *Helder v. Hitachi Power Tools, Ltd.,* 764 F. Supp. 93,

95-96 (E.D. Mich. 1991); *see also Reese v. CNH America LLC,* 574 F.3d 315, 320 (6th Cir. 2009). The factors to be considered by the Court in ruling on a motion to transfer venue include case-specific factors affecting both private and public interests. *Moses v. Bus. Card Express, Inc.,* 929 F.2d 1131, 1137 (6th Cir. 1991). Those factors include:

> (1) the convenience of witnesses; (2) the location of relevant documents and relative ease of access to sources of proof; (3) the convenience of the parties; (4) the locus of the operative facts; (5) the availability of process to compel the attendance of unwilling witnesses; (6) the relative means of the parties; (7) the forum's familiarity with the governing law; (8) the weight accorded the plaintiff's choice of forum; and (9) trial efficiency and the interests of justice, based on the totality of the circumstances.

*Perceptron, Inc. v. Silicon Video, Inc.*, 423 F. Supp. 2d 722, 729 (E.D. Mich. 2006); *see also Steelcase, Inc. v. Smart Techs., Inc.*, 336 F. Supp. 2d 714, 719 (W.D. Mich. 2004). "[T]he moving party bears the burden of proving why a court should transfer the action." *Smart Techs.*, 336 F. Supp. 2d at 719. This burden is a heavy one and requires that the moving party show that the factors weigh strongly in favor of transfer. *Id.*

Defendants argue that "two facts weigh heavily in the transfer calculus" in this case (Dkt 35 at p. ID# 338). First, the Northern District of California is home to most of the witnesses, and the convenience of witnesses is the most important factor to be considered in transferring venue. *See Cincinnati Ins. Co. v. O'Leary Paint Co., Inc.*, 676 F. Supp. 2d 623, 634 (W.D. Mich. 2009). Second, the Northern District is the center of the accused activity in this patent case—it is where much of the accused functionality was developed and tested. And, "[g]enerally, in patent suits, the forum which is the center of the accused activity is the preferred forum." *Smart Techs.*, 336 F. Supp. 2d at 720.

However, these claims are generalized. A closer view of this patent dispute and the potential evidence reveals that neither fact strongly indicates Northern California is a more convenient forum. And considering the factors in total, the Court finds they do not weigh in favor of transfer.

*Convenience of Witnesses and Parties*

Defendants assert that Google's Mountain View, California, headquarters has tens of thousands of employees, including the personnel "responsible for the most significant engineering, sales and, marketing decisions related to the accused features" (Dkt 35 at p. ID# 339-340). Likewise, "many of AVG's potentially relevant witnesses, including its Senior Vice President who was identified in AVG's initial disclosures as having knowledge concerning the implementation and operation of the Accused Services, are located in San Francisco" (*id.* at p. ID# 339). Further, former Google employees who may have relevant information likely remain in Northern California, and third-party (prior-art) witnesses are located there.

First, as Plaintiffs point out, it is not merely the number of witnesses but the materiality of their testimony that is appropriately considered. *Brown Co. of Waverly, LLC v. Superior Roll Forming, Inc., Inc.*, Case No. 1:09-CV-802, 2009 WL 4251093, at *3 (W.D. Mich. Nov. 25, 2009). Defendants do not explain how the thousands of employees based in California are relevant to this case. In fact, three of the four Google-identified witnesses involved in the design and development of the infringing system are located in Google's New York office (*see* Dkt 39-1 p. ID# 407), for whom travel to this District is more convenient than to California. All of Plaintiffs' employees are located in the Western District of Michigan. With respect to non-party witnesses, while Defendants identify two relevant prior-art inventors in California, their significance in this dispute is yet unknown; whereas, the Price Heneveld LLP attorney who prosecuted the patent at issue, and various

web developers who implemented aspects of the patented invention for Plaintiff Industrial Quick Search, Inc. (IQS), all have offices in Michigan. Under these facts, the convenience-of-witnesses/parties factors do not weigh in favor of transfer to California.

*Center of the Accused Activity, Operative Facts and Documents*

Defendants contend that the center of the accused activity is in Northern California, where much of the accused functionality was developed and tested. However, Defendants otherwise state that Google's potentially relevant witnesses "are either located in Mountain View or New York, New York" (Dkt 35 p. at ID# 339), and according to Google's disclosures, the three New York employee-witnesses include a Disruptive Technologist, Software Engineer, and Principal Engineer, all of whom were involved in the development, design, and/or operation of the accused products (*see* Dkt 39-1 at p. ID# 407). Because it appears that New York is a key situs of the accused activity, Defendants' center of gravity argument is not persuasive.

Google maintains two Michigan offices. Although Defendants assert that this case may involve a computer source code, stored at Google's California headquarters, Plaintiffs dispute that the source code is at issue. And documents concerning Plaintiffs' patent and activity are located in the Western Michigan District, where Plaintiffs developed and commercialized the patented technology and maintain their operation, documentation and electronic data (Meiresonne Decl., Dkt 42, ¶¶ 6-17). Thus, factors (2) and (4), the location of relevant documents and relative ease of access to sources of proof, and the locus of the operative facts, weigh against transfer to California.

*Plaintiffs' Choice of Forum and the Parties' Relative Means*

Plaintiffs' choice of forum is entitled to substantial weight. *See Smart Techs.,* 336 F. Supp. 2d at 720. Both Plaintiffs are located in this district, where Plaintiffs chose to file this action. Any

4

consent to jurisdiction in Northern California for disputes with Google, as alleged by Defendants, appears limited to an "AdWords" contract that has no connection to this patent dispute.

Although Defendants contend that based on their Internet research, Plaintiffs "do business around the country and have over 250 customers in the Northern District of California" (Dkt 35 at p. ID# 335, 342-343), Plaintiffs dispute this contention. Plaintiffs assert that Defendants incorrectly identify companies listed on the IQS website as customers and that, in fact, IQS has only seven customers in the Northern District of California (Dkt 39 at p. ID# 403). Moreover, in light of the relative size and means of the business-entity parties, Defendants cannot claim to be unfairly burdened by the costs or inconvenience of litigation outside California.

*Remaining Considerations*

The Court does not find the remaining factors or circumstances raised particularly persuasive one way or another on the issue of transfer.

## II. Conclusion

Defendants have failed to carry their burden of showing a transfer of venue to the Northern District of California is warranted. "'[U]nless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed.'" *Reese,* 574 F.3d at 320 (citation omitted). The Joint Motion to Transfer Venue pursuant to 28 U.S.C. § 1404(a) is denied.

An Order consistent with this Opinion will be entered.


Dated: May 8, 2014                  /s/ Janet T. Neff
                                         JANET T. NEFF
                                         United States District Judge